J-A17011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF MARY KOCHERSPERGER, AKA MARY E. KOCHERSPERGER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ANNE KOCHERSPERGER | : | No. 3264 EDA 2016 |

Appeal from the Orders September 14, 2016
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s):  No. 2015-0003

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                 **FILED OCTOBER 27, 2017**

Appellant, Anne Kochersperger, challenges the orders, entered in the Delaware County Court of Common Pleas Orphans' Court, which (1) dismissed as untimely Appellant's appeal from the decree of the Register of Wills and (2) overruled Appellant's objections to the account and inventory of the Administrator C.T.A. of the Estate of Mary Kochersperger, Decedent.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to

---

[1] This appeal is properly before us pursuant to Pa.R.A.P. 341(b)(1), because it lies from orders which dispose of all the claims and parties in this matter. Alternatively, the orders can be considered immediately appealable under Pa.R.A.P. 342(a)(5) and (a)(6), because they represent determinations of the status of a fiduciary and an interest in real property, respectively.

---

*Retired Senior Judge assigned to the Superior Court.

restate them. We add only that the court ordered a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b) and Appellant complied.

Appellant raises the following issues for our review:

> [WHETHER] THE APPOINTMENT OF AN ADMINISTRATOR CTA ON MARCH 14, 2014, [MAY] BE VOIDED AS A RESULT OF AN APPEAL FILED OCTOBER 21, 2015?
>
> [WHETHER] THE STRANGER TO THE BLOOD OF A PARTIALLY INTESTATE DECEDENT AND ALSO NOT A CREDITOR OF THAT DECEDENT NEVERTHELESS [MAY] BE APPOINTED ADMINISTRATOR CTA?
>
> IS A PETITION FOR GRANT OF LETTERS CTA WHICH CONSCIOUSLY OMITS THE NAMES OF KNOWN SUI JURIS HEIRS OF THE PARTIAL INTESTATE DECEDENT SUFFICIENT TO SUPPORT THE GRANT OF LETTERS TO THAT APPLICANT?
>
> DOES A NEGLECTED, ALLEGEDLY MORE-THAN-22-YEAR-OLD DOCUMENT PURPORTEDLY EXECUTED BY ONE GRANTOR WHOSE NAME WAS MISSPELLED THREE TIMES ON THE DOCUMENT, BY ANOTHER GRANTOR DESCRIBED BY COUNSEL AS SIGNIFICANTLY MENTALLY DISABLED, NEVER RECORDED, NEVER ACKNOWLEDGED, AND NOT EXECUTED ON THE LINES PROVIDED FOR GRANTORS NEVERTHELESS TRANSFER CERTAIN PROPERTY INTERESTS TO NOMINAL GRANTEES?

(Appellant's Brief at 8-9).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Spiros E. Angelos, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Orphans' Court Opinion, dated December 6, 2016, at 3-10)

(finding **(1-3)** on October 21, 2015, Appellant challenged letters of administration previously granted to Mr. Sherman on March 13, 2014, which was well beyond 1-year statute of limitations period; appointment of Mr. Sherman as administrator is not void *ab initio*, because Register of Wills may diverge from order of preference of administrators in favor of nominee of any person with preference who renounces right to letters of administration; Mr. Sherman attached to petition for letters of administration, renunciations of Decedent's two surviving daughters and surviving son; Register of Wills also has authority to diverge from order of preference for good cause; in his petition for letters of administration, Mr. Sherman alleged potential buyers of Marple property would lose their mortgage commitment to purchase property, on March 14, 2014, and that appointment of administrator was necessary to complete purchase; Appellant failed to established fraud against court or Register of Wills regarding grant of letters of administration to Mr. Sherman; moreover, Appellant testified that, when Mr. Sherman filed petition for letters of administration, Appellant knew estate would be opened for Decedent, and Mr. Sherman's partner was initially going to be nominated administrator; Appellant testified she had no objection to Mr. Sherman's partner serving as administrator and had no objection when she learned Mr. Sherman was appointed administrator, because his partner was unavailable; **(4)** on February 9, 1990, Marple property was originally purchased in name of Jeffrey Stewart and Christine Stewart, husband and wife, and John

Sheridan and Decedent; Susan Sheridan testified that Jeffrey Stewart, Christine Stewart, John Sheridan, and Decedent signed subsequent deed in her presence and deed was completed in 1991; 1991 deed transferred title from Jeffrey Stewart and Christine Stewart, husband and wife, and John Sheridan and Decedent to John Sheridan and Susan Sheridan, husband and wife, and Jeffrey Stewart and Christine Stewart, husband and wife; Decedent's name on 1991 deed is misspelled, but misspelling matches Decedent's name on 1990 deed; although 1991 deed was not dated, notarized, or recorded, Decedent's will does not mention Marple property; Ms. Sheridan credibly testified on validity of deed; based on weight and credibility of testimony and inspection of 1991 deed, court found Decedent signed 1991 deed, 1991 deed was delivered to grantees and was valid; at her death, Decedent had no interest in Marple property). Accordingly, we affirm on the basis of the Orphans' court opinion.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2017</u>



# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## ORPHANS' COURT DIVISION

IN RE: ESTATE OF MARY       :       No.    0003 – 2015
KOCHERSPERGER,       :
a/k/a MARY E. KOCHSPERGER, deceased    :
                 :
                 :


Daniel Brooks Lippard, Esquire - Counsel for Appellant Anne Kochersperger
William Adair Bonner, Esquire - Counsel for Appellees Susan Sheridan and John Sheridan
Jeffrey M. Sherman, Esquire - Counsel for Appellee Estate of Mary Kochersperger


ANGELOS, J.                               DATE: December 6, 2016

## OPINION

Appellant/Administratrix of the Estate of Joseph A. Kochersperger, Anne Marie Kochersperger, appeals from the September 14, 2016 Orders Dismissing as Untimely the Appeal from Register filed on October 21, 2015 and Overruling Objections to the Account and Inventory Rendered by the Administrator C.T.A. of the Estate of Mary Kochersperger filed on April 27, 2015. Appellant did not file an appeal to the Decree of the Register of Wills within one (1) year of the decree and Appellant failed to establish that there was fraud against the Court or the Register of Wills. Additionally, the testimony and evidence supports the findings that a valid deed existed between the parties to said deed, and that at the time of her death, Decedent Mary Kochersperger had no interest in the property located at

1

2710 Old Cedar Grove Road, Broomall, Delaware County Pennsylvania. Therefore, the September 14, 2016 Orders should not be disturbed.

## PROCEDURAL AND FACTUAL HISTORY

This matter involves an Appeal from the Register of Wills in granting Letters of Administration C.T.A. to Jeffrey M. Sherman, Esquire and an Objection to the Account and Inventory of the Estate of Mary Kochersperger. The Register of Wills of Delaware County granted Letters of Administration C.T.A. to Jeffrey M. Sherman, Esquire by Decree dated March 14, 2014. Appellant, Anne Marie Kochersperger, Administratrix of the Estate of Joseph A. Kochersperger, aka Samuel J. Kochersperger, filed an appeal of the March 14, 2014 Decree on October 21, 2015. Appellant also filed an Objection to the Accounting and Inventory filed by the Administrator of the Estate on April 27, 2015. Said objection related to the handling of the Decedent's alleged interest in certain real property located at 2710 Old Cedar Grove Road, Broomall, Delaware County, Pennsylvania ("Old Cedar Grove Property").

After hearings held on the matters on November 24, 2015, April 4, 2016, and July 21, 2016, Appellant's Appeal from the Register of Wills in granting Letters of Administration C.T.A. to Jeffrey M. Sherman, Esquire was dismissed as untimely by Order dated September 14, 2016. Additionally, Appellant's Objection to the Account and Inventory of the Estate of Mary Kochersperger was overruled

2

by Order dated September 14, 2016. Appellant filed a Motion for Reconsideration of the September 14, 2016 Orders, which was denied by Order dated October 17, 2016. On October 13, 2016, Appellant filed the instant notice of appeal.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

The issues raised in Appellant's Statement of Matters Complained of on Appeal are as follows:

1.  Whether the Trial Court erred in dismissing Petitioner's Appeal from the Register of Wills appointing Jeffrey Sherman administrator C.T.A. of the estate of Mary Kochersperger as untimely;

2.  Whether the Trial Court erred in allowing the appointment of Jeffrey Sherman as administrator C.T.A. when Appellant claims he intentionally omitted the names of known and identifiable heirs; and

3.  Whether the Trial Court erred in accepting valid a deed purported to contain textual and demonstrable irregularities and when allegedly executed by grantors whose mental condition was described as "severely disabled."

## DISCUSSION

The standard for reviewing an Orphans' Court findings is deferential. *In re Estate of Harrison*, 745 A.2d 676, 678 (Pa. Super. 2000). The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same

3

weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. *In re Scheidmantel*, 868 A.2d 464, 478 (Pa. Super. 2005). This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the trial court judge has had the opportunity to hear and observe, and upon the weight given to their testimony. *Id.* at 478-79. When the trial court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden. *Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995).

**I.    The October 21, 2015 Appeal from the Register of Wills of Delaware County granting Letters of Administration C.T.A. to Jeffrey M. Sherman, Esquire Was Properly Dismissed as Untimely.**

Appellant argues that her appeal from the Register of Wills appointing Jeffrey Sherman, Esq. ("Mr. Sherman") Administrator C.T.A. was improperly dismissed as untimely because Mr. Sherman's appointment was void *ab initio* and can therefore be challenged at any time. *See* Concise Statement of Matters Complained of on Appeal, ¶ 1. The act of issuing letters of administration is a judicial act by the Register of Wills. *In Re Estate of Schulz*, 139 A.2d 560, 563 (Pa. 1958); *In Re Estate of Tigue*, 926 A.2d 453, 456 (Pa. Super. 2007). The decision to grant letters of administration may be appealed to the Orphans' Court. *In Re Estate of Tigue*, 926 A.2d 453, 456 (Pa. Super. 2007). An appeal of a decree

4

of the Register of Wills must be filed by a party in interest within one (1) year of the decree. 20 Pa.C.S.A. § 908(a). The one (1) year period for appeals from probate is mandatory and may not be set aside unless there has been fraud on the Court or the Register of Wills. *Dempsey v. Figura*, 542 A.2d 1388, 1390-91 (Pa. Super. 1988). "The purpose of the Statute of Limitations is to set a specific limit on claims...in order to assure a personal representative of an estate of finality and to encourage the timely, orderly and efficient administration of estates." *Id.* at 1391.

Appellant, seeking to overcome the Statute of Limitations, argues that the appointment of Mr. Sherman by the Register of Wills was void *ab initio* because, according to Appellant, the Register of Wills lacked authority to appoint Mr. Sherman as administrator since doing so was contrary to the order of preference set forth in 20 Pa.C.S.A. 3155(b). *See* Memo. of Law in Support of Mot. for Recon. of Petitioner, pp. 2-4. In support of her argument, Appellant cites to the case of *Brokans v. Melnick*, 569 A.2d 1373 (Pa. Super. 1989). N.T. Apr. 4, 2016, p. 29. It should be noted, however, that *Brokans v. Melnick* was not an appeal, was based on a narrow and extraordinary set of facts, and, unlike here, involved fraud on the court and the Register of Wills. See, *Brokans v. Melnick*, 569 A.2d 1373 (Pa. Super. 1989) (holding that the appointment of a stranger to an estate could be collaterally attacked and was void ab initio where the petitioner failed to provide proper proof of death, falsely informed the Register of Wills that the mother of the

5

decedent had interests adverse to the estate and that he could not locate any additional heirs, and failed to provide easily ascertainable heirs with actual notice).

Appellant complains that the Petition for Letters filed by Mr. Sherman failed to list Mr. Kochersperger's widow or his children as possible beneficiaries and identified Mr. Sherman's partner as the suggested administrator. See Memo. of Law in Support of Mot. for Recon. of Petitioner, pp. 1-2. Appellant testified that at the time the Petition for Letters was filed, she knew that an estate was going to be opened for the Decedent and that Mr. Sherman's partner was going to be nominated as administrator. N.T. November 24, 2015, pp. 22, 33-34. Appellant testified that she had no objection to Mr. Sherman's partner being appointed as administrator of the Estate and when she discovered that Mr. Sherman was appointed administrator of the Estate on March 27, 2014, she had no objection to such. *Id.* at 18, 22, 26. The Court properly concluded that Appellant failed to establish fraud against the Court or the Register of Wills and the October 21, 2015 Appeal was filed past the one (1) year statute of limitations. Therefore, the Appeal was properly dismissed as untimely.

Additionally, the appointment of Mr. Sherman is not void *ab initio* because the Register of Wills may diverge from the order of preference in favor of the nominee of any person with preference that renounces their right to letters of administration. 20 Pa.C.S.A. § 3155(b)(6). Attached as Exhibit F to Mr. Sherman's

6

petition seeking the appointment of an administrator are renunciations by the Decedent's two surviving daughters and her surviving son-in-law. Those renunciations all nominate Mr. Sherman as administrator. *See*, Pet. for App. of Admin. C.T.A of the Est. of Mary Kochersperger a/k/a Mary E. Kochersperger.

Furthermore, Mr. Sherman's appointment is not void *ab initio* because 20 Pa.C.S.A. § 3155(b) grants the Register of Wills authority to diverge from the order of preference for "good cause." *See, also, In Re Estate of Dilbon*, 690 A.2d 1216, 1219-20 (Pa. Super. 1997) (holding that good cause existed to diverge from the order of preference and appoint the attorney of a person making a claim against the estate where the statute of limitations was about to expire on that claim). In his petition seeking the appointment of an administrator, Mr. Sherman alleges that the buyers' mortgage commitment was set to expire on March 14, 2014, and that the appointment of an administrator was necessary to complete settlement on the property. *See*, Pet. for App. of Admin. C.T.A. of the Est. of Mary Kochersperger a/k/a Mary E. Kochersperger, ¶ 14-16. Therefore, the Orphans' Court properly dismissed the October 21, 2015 Appeal from the Register of Wills appointing Jeffrey Sherman Administrator C.T.A. as untimely as the court lacked subject matter jurisdiction to consider the Appeal.

7

**II.** **The Court Properly Overruled Appellant's Objection to Account and Inventory of the Estate of Mary Kochersperger Because The Testimony and Evidence Supported the Findings That a Valid Deed Existed Between the Parties to Said Deed.**

Appellant argues that the Court improperly accepted as valid a deed which "contained multiple textual and demonstrable irregularities." *See* Appellant's Concise Statement of Matters Complained of on Appeal, ¶ 3. Appellant's objection related to the handling of the Decedent's alleged interest the Old Cedar Road Property. Specifically, Appellant argued that Decedent's name was misspelled in three places and the purported deed was executed by individuals described by opposing counsel as "severely disabled." *See* Appellant's Motion for Reconsideration, ¶ 11-12. In Pennsylvania, execution and delivery of a deed is sufficient to vest title. *Maguire v. Preferred Realty Co.*, 101 A. 100 (Pa. 1917); *Cable v. Cable*, 23 A. 223 (Pa. 1892); *In Re Padezanin*, 937 A.2d 475 (Pa. Super. 2007).

On or about February 9, 1990, the Old Cedar Road Property was purchased in the name of Jeffrey Stewart and Christine Stewart, husband and wife, John Sheridan, and the Decedent (although the Decedent's name was misspelled on the February 9, 1990 Deed). *See*, Pet. for App. of Admin. CTA of the Est. of Mary Kochersperger a/k/a Mary E. Kochsperger, Ex. D. Susan Sheridan, the Decedent's daughter, testified that a subsequent deed, marked as Exhibit B, was prepared by Hinda Marcu, Esquire and was, thereafter, signed by Jeffrey Stewart, Christine

8

Stewart, John Sheridan and the Decedent in Ms. Sheridan's presence. N.T. April 4, 2016, pp. 60-64, 96-97.

The Deed, marked as Exhibit B, purports to transfer title from Jeffrey Stewart and Christine Stewart, husband and wife, John Sheridan, and the Decedent to John Sheridan and Susan Sheridan, husband and wife, and Jeffrey Stewart and Christine Stewart, husband and wife. The Decedent's name on Exhibit B is again misspelled, but matches the spelling as it appears on the February 9, 1990 Deed. The Deed, marked as Exhibit B, was never dated, notarized or recorded. N.T. April 4, 2016, pp. 62-63, 71. Ms. Sheridan testified that the Deed, marked as Exhibit B, was completed in 1991. *Id.* at 67. The Decedent passed away on May 3, 1998. *See*, Pet. for App. of Admin. C.T.A. of the Est. of Mary Kochersperger a/k/a Mary E. Kochsperger, Ex. B. The Decedent's Will made no mention of the property. *See*, Pet. for App. of Admin. C.T.A. of the Est. of Mary Kochersperger a/k/a Mary E. Kochsperger, Ex. C. Appellant testified that her husband, Joseph Kochersperger, was involved in the handling of the Decedent's estate when she passed in 1998 although there was no administrator appointed at the time. *Id.* at 131.

The Court, after having had the opportunity to hear and observe the witness and give the proper weight to any testimony, found Ms. Sheridan credible. Upon the weight and credibility of the testimony, as well as inspection of the Deed, the

9

Court found that the Deed was signed by Decedent and delivered to the grantees and was valid between the parties to said deed. The Court concluded that at the time of Decedent's death, she had no interest in the Old Cedar Grove Property. Accordingly, the Court properly overruled Appellant's Objection to Account and Inventory of the Estate of Mary Kochersperger.

For the foregoing reasons, the Orders of September 14, 2016 should not be disturbed.

BY THE COURT:

_____
SPIROS E. ANGELOS, J.

10